Mary M. GILBERT, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.

Case No.: 6:15-cv-201-Orl-22GJK

United States District Court, M.D. Florida, Orlando Division.

Signed November 5, 2015

Christopher J. Weiss, Attorney at Law, PA, Orlando, FL, for Plaintiff.

David B. Krouk, Matthew J. Lavisky, Butler Weihmuller Katz Craig LLP, Tampa, FL, for Defendant.

### ORDER

ANNE C. CONWAY, District Judge

This cause comes before the Court on consideration of Defendant State Farm Mutual Automobile Insurance Company's Motion to Bifurcate the Issues of Liability and Damages (Doc. No. 31), filed on September 18, 2015. In response, Plaintiff, Mary M. Gilbert, filed a Memorandum in Opposition to Defendant's Motion to Bifurcate [...] (Doc. No. 32), on September 30, 2015, and a Supplement thereto (Doc. No. 33), on November 4, 2015. For the reasons that follow, the

Court will grant in part Defendant's Motion to Bifurcate.

## I. BACKGROUND

Plaintiff brought the present action alleging that Defendant failed to pay the full value of Plaintiff s underinsured motorist claim for damages she sustained in an automobile accident. (Doc. No. 2). In response, Defendant has raised Plaintiff's intoxication as a potential bar to her recovery, pursuant to Florida Statute § 768.36. (Doc. No. 22 at p. 2). That statute provides, in relevant part, that a plaintiff may not recover damages for loss or injury, if the trier of fact determines (1) that a plaintiff was "under the influence of any alcoholic beverage or drug to the extent that the plaintiff s normal faculties were impaired or the plaintiff had a blood or breath alcohol level of 0.08% or higher;" and (2) as a result of such intoxication, the plaintiff was more than 50% at fault. Fla. Stat. § 768.36. To summarize, if a jury determines that Plaintiff is more than 50% at fault for her injuries because she was intoxicated, then Plaintiff *shall not recover* from Defendant for her injuries. Since the issue of Plaintiff s liability is potentially dispositive of this case, Defendant has filed a Motion to Bifurcate the Issues of Liability and Damages. (Doc. No. 31).

## II. DEFENDANT'S MOTION TO BIFURCATE

Under Rule 42(b) of the Federal Rules of Civil Procedure, a court may order a separate trial of "one or more separate issues, claims, crossclaims, counterclaims, or third-party claims" for "convenience, to avoid prejudice, or to expedite and economize." Rule 42(b) does not set a high standard for the court but rather it "confers broad discretion on the district court" to permit bifurcation when it furthers convenience. *Harrington v. Cleburne Cty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir.2001). The predominant consideration is a fair and impartial trial "through a balance of benefits and prejudice." *Medtronic Xomed, Inc. v. Gyrus ENT LLC*, 440 F.Supp.2d 1333, 1334 (M.D.Fla.2006). "[B]ifurcation is appropriate where evidence concerning damages may prejudice the jury on the question of liability." *Gafen v. Tim–Bar Corp.*, No. 01–7626–CIV, 2002 WL 34731041, *1 (S.D.Fla. Oct. 21, 2001).

Defendant requests separate trials on liability and damages. (Doc. No. 31 at p. 4). In the alternative, Defendant asks the Court to preclude any evidence of damages until the jury decides the issue of liability. (*Id.*) Defendant argues that the issues of Plaintiff s liability and damages should be bifurcated because the jury's sympathy for Plaintiff based on her extensive injuries will taint its view on the issue of Plaintiff s liability. (*Id* at p. 4). As a result, Defendant may be unfairly prejudiced. (*Id.*) Additionally, Defendant argues that bifurcation of the case furthers convenience and judicial economy. (*Id.* at p. 5). Defendant contends that the issue of liability is "straightforward" in contrast to the issue of damages. (*Id.*) If the jury determines that Plaintiff is more than 50% at fault, then extensive time is wasted presenting witnesses and evidence for the damages issue. (*Id.*) Defendant points out that the damages issue requires past and current medical providers and additional medical experts. (*Id.*)

In contrast, Plaintiff argues that the liability and damages issues are "inextricably intertwined." (Doc. No. 32 at p. 1). In support of this argument, Plaintiff contends that the jury should see the nature and extent of her injuries to support her account of how the accident occurred. (*Id.* at p. 5). Secondly, Plaintiff argues that having two separate trials is cost prohibitive because of the duplication required when utilizing two juries— such as, replicating opening and closing arguments, presentation of witnesses, etc. (*Id.* at p. 1). Additionally, Plaintiff argues that severing the liability issue from that of damages will prejudice her because a finding of fault completely bars her recovery and prevents the jury from seeing the nature and extent of her injuries. (*Id.* at p. 3). Lastly, Plaintiff is concerned that the jury will be incentivized to find her at fault in order to "cut its jury duty short." (*Id.* at p. 5).

After considering the parties' arguments on the issue of bifurcation, the Court has determined that it will deny in part

Defendant's motion to bifurcate this case into two separate trials. Instead, the Court will bifurcate the issues of liability and damages. The Court will conduct a single trial, divided into two phases: the jury will determine the issue of Plaintiff's liability before proceeding, if necessary, to the issue of damages. The Court has concluded that severing the issues of liability and damages "furthers convenience" because it is more efficient than permitting the parties to spend additional time presenting evidence on Plaintiff's damages in the event Plaintiff is barred from recovery. The Court concludes that the issues of liability and damages are not inextricably intertwined, because the claims involving Plaintiff's comparative liability are "readily susceptible to severance" as a distinct issue to be decided by the jury before it reaches a determination of Plaintiff's damages. *See Cross Wyeth v. Pharmaceuticals, Inc.*, No. 8:06–cv–429–T–23AEP, 2011 WL 2517211, *4 (M.D.Fla. June 23, 2011).

Additionally, severance is preferable as it permits the jury to consider Plaintiff's liability while avoiding any potential prejudice caused by evidence of Plaintiff's severe injuries. Plaintiff has not provided the Court with a persuasive argument as to how she will suffer prejudice if the issues of liability and damages are bifurcated. Plaintiff cites to empirical research and merely explains to the Court the effect on her lawsuit of a jury finding Plaintiff to be 50% at fault under Florida Statute § 768.36.[1] (Doc. No. 32 at pp. 1, 5). Plaintiff's argument may be persuasive if this case were a simple negligence case. However, this is not a simple negligence action because Plaintiff's own liability may be a total bar to her recovery. Therefore, the Court is not persuaded by Plaintiff's arguments against bifurcation.

Lastly, the Court addresses Plaintiff's concern that the jury will be incentivized to find Plaintiff at fault in order "to cut its jury duty short." In order to protect against any potential prejudice resulting from the jury's knowledge of the effect of its liability determination, the Court will conduct the liability phase of the trial as if it were a simple negligence action. Therefore, the jury will be directed to determine the percentage of fault, if any, properly allocable to Plaintiff and to the underinsured motorist under Florida's comparative fault approach. *See* Fla. Stat. § 768.81(3). The result being that the jury will have determined all issues of liability before proceeding, if necessary, to the proper amount of damages.

## III. CONCLUSION

The Court has concluded that it would be neither convenient nor economical for the parties to present extensive evidence related to Plaintiff's injuries in the event that the jury determines Plaintiff's liability is such that she is barred from recovering anything at all from Defendant. Additionally, presenting evidence related to Plaintiff's injuries is potentially prejudicial to Defendant when the jury must first consider Plaintiff's percentage of fault in the motorist accident. Therefore, the Court will bifurcate the trial into two phases: liability and damages.

Based on the foregoing, it is **ORDERED** as follows:

1. Defendant State Farm Mutual Automobile Insurance Company's Motion to Bifurcate the Issues of Liability and Damages (Doc. No. 31), filed on September 18, 2015, is **GRANTED in part,** insofar as it seeks to preclude any evidence of damages until the jury decides the issue of liability.

2. Defendant State Farm Mutual Automobile Insurance Company's Motion to Bifurcate the Issues of Liability and Damages (Doc. No. 31), filed on September 18, 2015, is **DENIED in part,** insofar as it seeks to bifurcate the issues of liability and damages into two separate trials.

3. Accordingly, the Court will bifurcate the trial into two phases. The jury will determine the issue of Plaintiff Mary M. Gilbert's liability in Phase One. If necessary, the jury

---

**1.** Plaintiff states, "Bifurcation will be highly prejudicial to the Plaintiff since a finding by the jury that the Plaintiff was more than 50% at fault will mean that the Plaintiff is completely barred from recovery for the balance of her damages." (Doc. No. 32 at p. 3). The Court notes that Florida Statute § 768.36 demands this result.

will determine the issue of Plaintiff Mary M. Gilbert's damages in Phase Two.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 5, 2015.

